UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ALONZO WEEKLY,

        Plaintiff,

  v.                                        CAUSE NO. 3:23-CV-143 DRL-MGG

SHARON BILBREW,

        Defendant.

OPINION AND ORDER

Alonzo Weekly, proceeding *pro se*, sues his private defense attorney Sharon Bilbrew for "ineffective counseling." Ms. Bilbrew asks the court to dismiss the case under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The court grants the motion for lack of subject matter jurisdiction.

BACKGROUND

The court assumes the facts in Mr. Weekly's complaint as true for purposes of this motion. Mr. Weekly's claims against Ms. Bilbrew stem from her representation of him in a state driving while intoxicated case. Mr. Weekly was the passenger in his father's car when they parked at a gas station and walked to the entrance [ECF 1 at 2]. A sheriff's deputy called Mr. Weekly and his father over and asked who was driving the car [*Id.*]. Mr. Weekly informed the deputy that he was not the driver, but the deputy nonetheless conducted a field sobriety test [*Id.* at 4]. Mr. Weekly's father asked if Mr. Weekly passed the test, and the deputy said yes [*Id.* at 4]. The deputy drove Mr. Weekly to the hospital and had a blood sample taken from Mr. Weekly despite his objections [*Id.* at 4-5]. The deputy did not show Mr. Weekly the warrant authorizing the collection of a blood sample and informed Mr. Weekly that he would let the judge figure out who was driving [*Id.* at 5].

When Mr. Weekly hired Ms. Bilbrew as his lawyer, he communicated these facts to her [ECF 1 at 6]. Ms. Bilbrew told him that she was friends with Prosecutor Kaitlynn Campoli and could get his case dismissed [*Id.*]. He says Ms. Bilbrew didn't reach out to his father to question him about their interaction with the deputy [*Id.* at 6-7]. Mr. Weekly provided Ms. Bilbrew with a probable cause affidavit dated April 10, 2022 and the order authorizing his blood sample dated April 11, 2022 [*Id.* at 7]. Ms. Bilbrew was shocked that Mr. Weekly accessed these documents [*Id.*].

On February 4, 2023, Mr. Weekly texted Ms. Bilbrew to request a copy of his case file and to request different counsel [ECF 1 at 7]. Ms. Bilbrew left a voicemail informing Mr. Weekly that she doesn't have to do anything he asked her to do and telling him to hire a different lawyer [*Id.* at 7-8]. She left another voicemail informing Mr. Weekly that he needs to "go for a sentencing" because the evidence and his statements prove he is guilty [*Id.* at 8].

## STANDARD

A Rule 12(b)(1) motion "can take the form of a facial or a factual attack on the plaintiff's allegations." *Bazile v. Fin. Sys. of Green Bay, Inc.*, 983 F.3d 274, 279 (7th Cir. 2020). When evaluating a facial challenge to subject matter jurisdiction, the court must accept alleged factual matters as true and draw all reasonable inferences in favor of the plaintiff. *See id.; Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). On the other hand, a plaintiff facing a factual attack doesn't enjoy the treatment of his allegations as true. *See Bazile*, 983 F.3d at 279. In a factual attack, "the court may consider and weigh evidence outside the pleadings to determine whether it has power to adjudicate the action." *Id.* The plaintiff bears the burden of establishing the jurisdictional requirements. *Ctr. for Dermatology and Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588-89 (7th Cir. 2014).

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of

2

the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted).

## DISCUSSION

Ms. Bilbrew asks the court to dismiss the complaint under Rule 12(b)(1) for lack of subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," *Gunn v. Minton*, 568 U.S. 251, 256 (2013), and must have subject matter judication to hear a case, *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 95 (2017). Subject matter jurisdiction is "the courts' statuary or constitutional *power* to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Two statutes authorize a majority of cases in federal court: 28 U.S.C. § 1331, which grants jurisdiction over cases arising under federal law (so-called federal question jurisdiction), and 28 U.S.C. § 1332, which authorizes jurisdiction over cases between diverse parties involving more than $75,000 in controversy (so-called diversity jurisdiction)." *Boim v. Am. Muslims for Palestinse*, 9 F.4th 545, 551 (7th Cir. 2021). Mr. Weekly doesn't establish that the court has federal question jurisdiction or diversity jurisdiction over his claims.

The court first addresses federal question jurisdiction. The court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

3

A case prototypically "arises under" the law that creates the cause of action. *See Sarauer v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. No. 10*, 966 F.3d 661, 669 (7th Cir. 2020).

Mr. Weekly says he brings his claims against Ms. Bilbrew under federal criminal law, 18 U.S.C. § 242, which "makes it a crime to (1) willfully (2) under color of law (3) deprive a person of rights protected by the Constitution of the laws of the United States." *United States v. Brown*, 250 F.3d 580, 584 (7th Cir. 2001) (citation omitted). However, there is no private right of action under 18 U.S.C. § 242. *See Nasserizafar v. Ind. Dep't of Transp.*, 546 F. Appx. 572, 574) (7th Cir. 2013); *Graham v. Payne*, 2022 U.S. Dist. LEXIS 47544, 6 (N.D. Ind. Mar. 17, 2022).

Construing Mr. Weekly's complaint liberally, *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006), he also tries a claim under 42 U.S.C. § 1983.[1] "[T]o state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under the color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). "The under-color-of-state-law element means that § 1983 does not permit suits based on private conduct, 'no matter how discriminatory or wrongful.'" *Spiegel v. McClintic*, 916 F.3d 611, 616 (7th Cir. 2019) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). "[A] lawyer is not a state actor when [s]he . . . performs [her] traditional role as counsel to a defendant in a criminal case." *Nikoloff v. Ziliak*, 827 F. App'x 600, 601 (7th Cir. 2020); *see also Polk Cnty. v. Dodson*, 454 U.S. 312, 318, (1981) ("[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983.").

Ms. Bilbrew was Mr. Weekly's private defense attorney, and he is suing her for her actions and omissions in this capacity. In his complaint, he alleges that Ms. Bilbrew wronged him by claiming that she could have his case dismissed, failing to reach out to his father to further investigate, refusing to

---

[1] Mr. Weekly does not directly allege that Ms. Bilbrew violated 42 U.S.C. § 1983. However, he attaches various articles that mention § 1983.

comply with his request for case files, telling him to find another lawyer, and instructing him to go to his sentencing hearing because the evidence proves he was guilty. In his response to the motion to dismiss, Mr. Weekly also alleges that Ms. Bilbrew showed him a fake video and warrant, tried to scare him into signing a plea, and tampered with evidence. All of Ms. Bilbrew's alleged acts and omissions involve her conversations with her client and her investigation into the case. These were performed during "the traditional role of defense counsel and cannot be considered state action." *Bartole v. Hughes*, 2022 U.S. Dist. LEXIS 189842, 7 (N.D. Ind. Oct. 18, 2022). Without state action, Mr. Weekly fails to state a claim under § 1983.

In his response, Mr. Weekly also alleges that Ms. Bilbrew conspired "with the defendants in cause no 3:23-cv-118-Drl-MGG to help cover up a crime against [him]." It is well established that a "complaint may not be amended by the briefs in opposition to a motion to dismiss." *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Though the court may "consider additional facts set forth in" a brief opposing dismissal "so long as those facts are consistent with the pleadings," *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019-20 (7th Cir. 2013) (quotations and citations omitted), a plaintiff may not raise entirely new claims, s*ee Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Mr. Weekly's conspiracy claim and the alleged facts for such first appear in his response to the motion to dismiss, so he may not rely on it to defeat the motion to dismiss.

When the court goes beyond the cited statutes and examines the substance of Mr. Weekly's claims, it appears he is alleging a claim of legal malpractice. In his complaint, Mr. Weekly states that he hired Ms. Bilbrew as his legal counsel, and she did not reach out to his father to question him about the facts surrounding Mr. Weekly's arrest [ECF 1 at 6]. Unsatisfied with his counsel, Mr. Weekly attempted to hire someone else and requested his case file from Ms. Bilbrew [*Id.* at 7]. She declined and told Mr. Weekly to find a new lawyer [*Id.* at 7-8]. Mr. Weekly alleges that Ms. Bilbrew "has

5

performed ineffective counseling with her statements against the documented evidence [he has] provided her with to prove my constitutional rights were violated by the Sheriff Deputy and by her my lawyer Sharon Bilbrew" [*Id.* at 8].

To the extent that Mr. Weekly's allegations are a legal malpractice claim, the court does not have federal question jurisdiction over this claim. Legal malpractice claims are questions of state law and do not support federal question jurisdiction under 28 U.S.C. § 1331. *Young-Smith v. Holt*, 575 F. App'x 680, 682 (7th Cir. 2014); *see also Rosenbaum v. White*, 692 F.3d 593, 600 (7th Cir. 2012). Since Mr. Weekly does not have a federal claim, the court doesn't have federal question jurisdiction.

Next, the court addresses diversity jurisdiction. "To invoke the federal courts' diversity jurisdiction, the parties must establish both complete diversity and that the 'the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.'" *Smith v. Am. Gen. Life & Accident Ins. Co.*, 337 F.3d 888, 892 (7th Cir. 2003) (quoting 28 U.S.C. § 1331). The party invoking diversity jurisdiction bears the burden of showing its existence. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010).

Mr. Weekly doesn't allege his or her citizenship. When prompted to provide addresses in the form civil complaint, he listed addresses in Elkhart, Indiana for both. In his response to the motion to dismiss, Mr. Weekly fails to address Ms. Bilbrew's argument regarding the lack of diverse citizenship. Mr. Weekly hasn't shown that the court has diversity jurisdiction. Domicile is what matters, not residence, but neither the complaint nor any information provided by Mr. Weekly indicates that both individuals are anyone other than domiciliaries of Indiana. Because the court lacks subject matter jurisdiction, it must dismiss this case. Fed. R. Civ. P. 12(b)(1); 12(h)(3). The court need not address Ms. Bilbrew's additional arguments under Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

Accordingly, the court GRANTS Ms. Bilbrew's motion to dismiss [ECF 16] under Fed. R. Civ. P. 12(b)(1).

SO ORDERED.

August 17, 2023                                     *s/ Damon R. Leichty*
                                                    Judge, United States District Court